IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRANDON K. THRASHER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.: 4:20-cv-350-SDJ-KPJ |
| § | |
| FORT WORTH POLICE § | |
| DEPARTMENT, NORTHLAKE § | |
| POLICE DEPARTMENT, and § | |
| DENTON COUNTY SHERIFF'S § | |
| OFFICE AND DEPARTMENT, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Brandon K. Thrasher's ("Plaintiff") Motion for Reconsideration and Motion for Continuance (the "Motion") (Dkt. #55). On March 1, 2021, the Court ordered Defendants Northlake Police Department and Denton County Sheriff's Office and Department to file an expedited response, which they timely filed. *See* Dkts. #56, #58, #60. Having considered the pleadings, arguments, and applicable authorities, the Court finds the Motion (Dkt. #55) is hereby **DENIED**.

### I.  BACKGROUND

On April 22, 2020, Plaintiff Brandon K. Thrasher ("Plaintiff"), proceeding *pro se*, filed this lawsuit against Defendants Fort Worth Police Department ("Fort Worth Police"), Northlake Police Department ("Northlake Police"), and Denton County Sheriff's Office and Department ("Denton County Sheriff"). *See* Dkt. #1. Plaintiff alleges, on or around December 20, 2018, the Chief of Northlake Police bribed maintenance staff at Plaintiff's apartment complex and illegally planted surveillance cameras and microphones inside Plaintiff's apartment unit. *See id.* at 2.

Plaintiff claims Northlake Police illegally placed GPS-tracking devices on two of Plaintiff's vehicles, both located at the apartment complex where Plaintiff resides. *See id.* Plaintiff further alleges Denton County Sheriff's law enforcement officers have continued to harass Plaintiff and illegally surveilled Plaintiff and his wife. *See id.*

Plaintiff seeks "immediate removal" of "all illegally planted" police and government surveillance equipment. *See id.* at 3. Plaintiff also desires the cessation of all surveillance and any police investigations of him, his wife, his possessions, and his property, as well as $750,000 in damages. *See id.* at 4.

Denton County Sheriff and Northlake Police filed their Motions to Dismiss, respectively, on July 10 and 14, 2020. *See* Dkts. #25, #29. On September 3, 2020, approximately two months after the Motions to Dismiss were filed, the Court entered an order directing Plaintiff to file a response, if any, to Denton County Sheriff and Northlake Police's Motions within fourteen days of service of the order. *See* Dkt. #42. Ultimately, Plaintiff did not file a response. On February 10, 2021, the Court dismissed Denton County Sheriff and Northlake Police from this suit, as they are non-jural entities and cannot be sued. *See Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350-SDJ-KPJ, 2020 WL 8484809 (E.D. Tex. Dec. 14, 2020), *report and recommendation adopted*, 2021 WL 489633 (E.D. Tex. Feb. 10, 2021).

Approximately two weeks after Denton County Sheriff and Northlake Police were dismissed from the suit, Plaintiff filed the present Motion. *See* Dkt. #55. In the Motion, Plaintiff states:

> I would like to make this U.S. Eastern Texas District Court, fully aware of me being an disabled U.S. citizen . . . . The reckless and unlawful actions of these defendants; has caused me an great deal of severe depression, anxiety, & uncalled for mental anguish. Due to my ongoing disabilities and daily disturbances and mental anguish from these individuals; I'am not able; at this current time to handle all necessary and appropriate court filings & plaintiff responses. . . . Dismissing the claims,

2

>clearlly is not acceptable. This is handing these unlawful defendants an easy, clear path; that they do not deserve.

Dkt. #55 at 2–5 (errors original).

In addition to seeking reconsideration of Denton County Sheriff and Northlake Police's dismissal, Plaintiff also seeks time to retain a lawyer. *Id.* at 7.

On March 1, 2021, the Court ordered Northlake Police and Denton County Sheriff to file an expedited response, which they timely filed. *See* Dkts. #56, #58, #60.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 287 (D. Colo. 1997); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A court retains the power to revise any interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order or judgment issued. *Standard Quimica De Venezuela v. Centro Hispano Int'l, Inc.*, 189 F.R.D. 202, 204 (D.P.R. 1999). Rule 59(e)'s legal standards apply to motions for reconsideration of interlocutory orders. *See Atlantic States Legal Found. v. Karg Bros.*, 841 F. Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment).

Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. *Standard Quimica*, 189 F.R.D. at 205. A court may consider a motion to reconsider an interlocutory order so long as the motion is not filed unreasonably late. *Id.*; *Martinez v. Bohls Equip. Co.*, No. SA-04-CA-120-XR, 2005 WL 1712214,

3

at *1 (W.D. Tex. July 18, 2005). Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. *T-M Vacuum Prod., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008), *aff'd*, 336 F. App'x 441 (5th Cir. 2009) (internal citations omitted).

### III. ANALYSIS

#### A. RECONSIDERATION

Here, the Court does not find reconsideration is warranted. The Court dismissed Northlake Police and Denton County Sheriff because they are non-jural entities. *See Thrasher*, 2020 WL 8484809, at *2, *5. Plaintiff's Motion, which describes the suffering Defendants have allegedly caused him, is not responsive to the issue of whether Defendants can be sued. *See* Dkt. #55. Accordingly, there is no basis for reconsideration.

Further, even if Plaintiff could allege Northlake Police and Denton County Sheriff acquired jural authority, Plaintiff was required to offer such allegations in his complaint. *See T-M Vacuum*, 2008 WL 2785636, at *2 (stating motions to reconsider cannot raise arguments or present evidence that could have been raised before an order's entry); *Hutchinson v. Box*, No. 4:10-cv-240-DDB-RAS, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) ("[I]f a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity 'should be dismissed as frivolous and for failing to state a claim.'"), *report and recommendation adopted*, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011).

The record shows Plaintiff wholly failed to meet his burden. First, the complaint is devoid of any allegation that Northlake Police or Denton County Sheriff was granted a jural existence. *See* Dkt. #1. Second, after receiving service of Northlake Police and Denton County Sheriff's

Motions to Dismiss, Plaintiff did not move for leave to amend his complaint. Indeed, for seven months, Plaintiff did not respond to the arguments raised in the Motions to Dismiss, despite receiving a warning from the Court and receiving a fourteen-day objection period following the United States' Magistrate Judge's Report and Recommendation. *Compare* Dkts. #25, #29 (Motions to Dismiss, filed on July 10 and 14, 2020) *with* 2021 WL 489633, at *1 (Memorandum Adopting the Report, entered on February 10, 2021). Plaintiff has been afforded ample opportunity to allege Northlake Police and Denton County Sheriff are jural entities. The Motion seeks impermissible relitigation of this issue, and the Court finds reconsideration unwarranted.

### B. LEAVE TO FIND COUNSEL

The Court is not compelled to grant Plaintiff leave to retain counsel because, "[g]enerally speaking, no right to counsel exists in Section 1983 cases." *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

To be sure, the Court is mindful of its obligation to make the federal judiciary accessible to all, particularly for parties proceeding *pro se*. However, this case has been pending for nearly a year, and throughout this time, the Court has been fully accessible to Plaintiff. Indeed, since initiating suit, Plaintiff has engaged in substantial motion practice. *See* Dkts. #4, #7, #15, #39, #40 (motions for disclosure of electronic surveillance, for emergency hearing and relief, to change venue, to recuse "Judge Kimberly Jones" from this case "immediately," and for reconsideration of denying emergency relief). Throughout the lifecycle of this lawsuit, Plaintiff has filed frivolous motions and has failed to respond to the substantive questions before the Court.

Moreover, for nearly one year, not once has Plaintiff indicated an intention to retain counsel. Plaintiff only now raises this issue in the present Motion, at a moment in which he is faced with dismissal of this suit. This request appears to be no more than a last-ditch effort to prolong

this litigation further, which, as the Court has previously noted, cannot be brought against Defendants. *See Thrasher*, 2020 WL 8484809, at *2, *5 (dismissing two defendants because they are non-jural entities); Dkt. #54 (recommending dismissal of last defendant because it is a non-jural entity).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds Plaintiff's Motion (Dkt. #55) is hereby **DENIED**.

**So ORDERED and SIGNED this 24th day of March, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE